United States District Court
Southern District of Texas
**ENTERED**
August 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERNARD MORELLO, § § § § § § § § § § § § § | |
| Plaintiff, | |
| VS. | CIVIL ACTION NO. H-22-2666 |
| THE SUPREME COURT OF TEXAS, CHIEF JUSTICE NATHAN HECHT, JUSTICE JEFF BOYD, JUSTICE BRETT BUSBY, | |
| Defendant. | |

## NOTICE OF INTENT TO DISMISS

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). This order gives notice of the court's intent to dismiss Bernard Morello's complaint on its own motion, with prejudice, for lack of subject-matter jurisdiction and for Morello's failure to state a claim. Morello may respond by no later than **August 31, 2022**, in no more than five pages, with any non-frivolous objections to dismissal.

Morello was a defendant in a Texas state-court lawsuit against Seaway Crude Pipeline Company, LLC. Seaway Crude Pipeline's law firm, Norton Rose Fulbright, and parent company, Enterprise Products Partners, made campaign donations to, and hosted fundraising events for, Texas Supreme Court Chief Justice Hecht, Justice Boyd, and Justice Busby, while Morello's petition for review and motion for rehearing was pending before the Texas Supreme Court. Morello, representing himself, sues the Texas Supreme Court, Chief Justice Nathan Hecht, and Justices Jeff Boyd and Brett Busby under 42 U.S.C. § 1983, alleging that the justices violated his constitutional right to have "disinterested fair, and impartial judges and justices hear and decide"

his case. (Docket Entry No. 1, at 11). Morello alleges that the donations "created personal conflicts of interest" in the outcome of the petition for review and motion for rehearing.

Nothing alleged in Morello's complaint suggests that the justices of the Texas Supreme Court acted outside the scope of their judicial capacities when they denied Morello's motion for rehearing without recusing themselves. Judges and justices are immune from liability for actions taken in their judicial capacity. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). "Judicial immunity is not overcome by allegation of bad faith or malice and 'applies even when the judge is accused of acting maliciously and corruptly.'" *Id.* (emphasis omitted) (quoting *Mireles*, 502 U.S. at 11). And "[e]very court to address the [issue] . . . has readily concluded that a refusal or failure of a judge to recuse himself in a case which he otherwise has jurisdiction to adjudicate is clearly a judicial action for which is entitled to absolute immunity from suit for damages." *Shepherdson v. Nigro*, 5 F. Supp. 2d 305, 312 (E.D. Pa. 1998) (citing cases).

Morello's claims against the Texas Supreme Court are similarly barred by immunity. "[T]he Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived." *Senior v. Texas*, Case No. H-12-0298, 2012 WL 5879610, at *2 (S.D. Tex. Nov. 20, 2012). "The Texas Supreme Court is an agency of the State of Texas and therefore immune from suit under the Eleventh Amendment." *Id.* (citing Tex. Const. art. V, § 1).

Morello has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) against Chief Justice Hecht, Justice Boyd, and Justice Busby.  The court lacks jurisdiction under Rule 12(b)(1) over Morello's claims against the Texas Supreme Court.  Morello may respond to the court's notice of intent to dismiss with any nonfrivolous arguments by **August 31, 2022**.  If Morello does not respond by that date, the court will enter an order of dismissal.

SIGNED on August 17, 2022, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge
